# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00450-CV

**Carmen Louisa Rodriguez, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
### NO. C-08-0123-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating appellant's parental rights based on an irrevocable affidavit of voluntary relinquishment and after a hearing pursuant to Texas Family Code section 263.405(d) in which the trial court found the appeal to be frivolous as provided by section 13.003(b), Texas Civil Practice and Remedies Code. *See* Tex. Fam. Code Ann. § 263.405(d) (West 2008); Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002). At the hearing, appellant Carmen Luisa Rodriguez orally argued that she wished to withdraw the affidavit of relinquishment.[1] We affirm.

After the Texas Department of Family and Protective Services filed a petition to terminate the parental rights of both parents, including Rodriguez, to the child, G.K.R., a bench trial

---

[1] Only Rodriguez appeals from the termination order.

was held on June 26, 2009. On that date prior to trial, Rodriguez signed an irrevocable affidavit of voluntary relinquishment of parental rights in which she swore that termination of the parent-child relationship between appellant and G.K.R. was in the child's best interest and relinquished all of her parental rights and duties to G.K.R. Rodriguez was not present at trial. At the close of trial, the trial court terminated the parental rights of both parents and appointed the Department as sole permanent conservator of the child. The trial court rendered a final decree incorporating its findings.

On July 14 and 16, 2009, the trial court held a section 263.405(d) hearing to determine, among other things, whether a new trial should be granted and whether any appeal from the termination order was frivolous. At the hearing, Rodriguez did not contend that her affidavit of relinquishment was executed involuntarily, but she stated that she had been under stress because she was dealing with warrants against her and that she had changed her mind about relinquishment. She asserted that she was "tired of dealing" with the Department and found it untrustworthy. The Department urged that Rodriguez did not have a legal basis for the appeal and that she was familiar with the relinquishment procedure since this was her second relinquishment and termination proceeding.[2]

The trial court found that no party had filed a motion for new trial, a statement of points on appeal, or provided any evidence to warrant a new trial. The court found the appeal to be frivolous pursuant to the provisions of section 13.003(b), Texas Civil Practice and Remedies Code.

---

[2] According to the hearing transcript, appellant previously had signed an affidavit of voluntary relinquishment of other children.

2

After filing a notice of appeal and statement of points on appeal, appellant's counsel filed a motion to withdraw, which the trial court granted.

In December 2009, appellant was notified that her brief was overdue and that if she failed to file a brief on or before January 15, 2010, this Court would review the record and render an order regarding frivolousness based upon the record. To date, no brief has been filed.

In her statement of points on appeal, Rodriguez urges that the evidence was factually and legally insufficient to support that (i) she voluntarily executed an unrevoked and irrevocable affidavit of relinquishment of parental rights to G.K.R. in compliance with Chapter 161 of the Texas Family Code and (ii) the termination was in the best interest of the child. *See* Tex. Fam. Code Ann. §§ 161.001(1)(k), .103 (West 2008 & Supp. 2009). No evidence was adduced at the hearing except for Rodriguez's unsworn statement that she was under stress at the time of the execution of the affidavit of relinquishment.

We must review the record and consider whether the trial court abused its discretion in determining that her appellate points were frivolous. *See* Tex. Fam. Code Ann. § 263.405(g) (West 2008); *In re M.R.R.*, No. 04-04-00723-CV, 2004 Tex. App. LEXIS 10239, at *2 (Tex. App.—San Antonio 2004, no pet.) (mem. op.) (holding that an appellate court reviews a trial court's findings under section 263.405 for abuse of discretion). An appeal from a termination order is frivolous if it lacks an arguable basis either in law or in fact. *In re M.R.R.*, 2004 Tex. App. LEXIS 10239, at *2.

Rodriguez raised no evidence that her execution of the relinquishment affidavit was involuntary. Although Rodriguez asserted at the hearing that she was under stress and not thinking

3

clearly at the time she executed the affidavit, she was not sure of any legal basis on appeal. She did not testify to these facts at the hearing or to any evidence that would support that her affidavit was involuntarily executed. Nor did she state why she was not present at the termination hearing. Reviewing the record, we hold that there is no evidence that the affidavit was procured by improper means or that it was involuntary and the trial court did not abuse its discretion in determining that her appeal was frivolous.

With regard to Rodriguez's sufficiency issues, at the hearing on the motion for new trial and statement of appellate points, Rodriguez's attorney did not attack the trial court's findings supporting termination or summarize for the trial court the evidence that was missing or insufficient to sustain the findings or adduce any evidence that would support a finding of involuntariness. Based upon our review of the record, we conclude that the trial court did not abuse its discretion in determining that Rodriguez's appeal was frivolous.

We affirm the trial court's order terminating Rodriguez's parental rights.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   April 28, 2010

4